Wright, J.,
delivered the opinion of the Court.
This is a bill filed under the Mechanic’s Lien Law, to subject certain real property, situated in Shelby county, to the payment of a debt due complainant, for materials furnished, and labor performed as a mechanic and undertaker in a building of a dwelling upon said property.
The bill alleges that a special contract for this purpose, was made with the defendant, Thomas Peters, and Sarah Jane, his wife. In their answer, it is expressly-denied that the wife made any such contract, or had any thing whatever to do with it; but, that it was en *69 tirely with Thomas Peters, the husband. The contract does not appear to have been in writing, and the only, evidence of her connection with it, consists in the proof that she and her husband resided upon the property, and she saw the work as it progressed, and gave directions how it should be done, and frequently had alterations made, stating that it was her house, and she wished it built for her convenience. This is proved by Tucker, a witness in the case. It is established, that the contract was made with the husband, and that he executed his note to the complainant for the price of the work and materials, and there is no allegation or proof of fraud, or bad faith on the part of the wife. This real estate was the separate property of the wife, acquired by her, through a deed of conveyance from one Robert W. Smith, wherein it is provided, that, she shall hold the same to her own sole and separate use, free from the control, power and management of her said husband, and without being subject or liable to the present or future debts, contracts, or other liabilities of her said husband, and to be at the absolute control and disposal of the said Sarah Jane, just as if she were a feme sole, during her life, and by last will and testament, at her death, and should she not dispose of the same during her life, nor by last will and testament, and should die seized and possessed of the same, then to her heirs and assigns, to the exclusion and in bar of the marital rights of her said husband, both during .coverture and after. The Chancellor decreed in favor of the lien, and ordered the tract of land to be sold for the purpose of paying the debt due complainant.
*70 This decree, we think, is erroneous. It was heid, at the last term at Nashville, in the unreported case of Knott et als. vs. Carpenter and wife, following the case of Marable vs. Jordan, 5 Hum., 417, that the husband cannot, himself, charge the real estate of the wife, for money expended by him in making improvements thereon. Neither can a mechanic, who expended money and labor on the wife's property, at the instance of the husband alone. These were cases of general ownership in the wife, without any separate estate. But the rule is equally applicable to her separate property. As a general thing, at common law, a married woman is incapable of binding herself, or her separate property by her own contracts: she is not liable, personally, for any debts, por. is her separate estate, in general, chargeable in equity, for her general debts, or her general personal engagements. If it be conceded that — under this deed — Mrs. Peters had the power to create this debt, and to charge it upon this land, it will avail complainant nothing — even the contracts of the wife — which contain no reference, either to the power or the subject matter thereof, and indicate no agreement or intention, on her part, to create a charge on her separate estate, cannot be regarded as an execution of the power conferred upon her in the deed, or as an appointment under it, but only evidence of a personal contract, or promise on her part, constituting the relation of general creditor and debtor. In order to charge the separate estate of a married woman with her contracts or engagements, there must be proof, of an express agreement and intention to create such charge; it cannot be made liable by implication. This is the doctrine of Litton vs. Baldwin et als., *71 8 Hum., 209, and is decisive in this case. Here, it cannot be contended that the wife made the contract, unless it is to be implied from her acquiescence in per mitting the improvements to be put upon her land, and in giving directions how they should be executed. But we have seen this will not do ; and if she could be connected with the contract in this way, the intention to charge her estate would still be wanting. Such acts on the part of the wife, are but what she would ordi. narily do, whether her separate estate were to be charged or not, and are too equivocal in their nature, to admit any implication one way or the other, even if any implied engagement could be allowed to have any effect in such a case. Neither can it make any difference, that Mr. Peters was heard to say that his wife’s money was to be used to pay for the improvements. This could not affect her estate.
This makes it unnecessary to consider the powers of Sarah Jane Peters, under the deed of settlement, inasmuch as we hold, that there was no such contract as could charge her separate estate.
This result may operate harshly upon complainant, but we see no way to escape it. He should, if the law permitted it, and he were unwilling to trust the husband, have taken care that he had such a contract, as to be a charge upon the separate estate of the wife.
The decree of the Chancellor, so as it effects the wife’s separate property, must be reversed, and that portion of the bill dismissed.